IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ETHEL VIELMA,

    Plaintiff,

vs.                                                                                    Civ. No. 97-1342 LCS

AMERICAN NATIONAL INSURANCE
COMPANY, a foreign corporation,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Defendants' Motion for Judgment on the Pleadings, filed January 8, 1998. The Defendants initially requested that the Court dismiss Plaintiff's claims for sexual harassment under Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act; and her claim for intentional infliction of emotional distress. The Defendants have since withdrawn their request to dismiss the Title VII claim and the Plaintiff has omitted the claim for intentional infliction of emotional distress from her first amended complaint. Accordingly, the remaining issue for resolution in this Motion for Judgment on the Pleadings is whether the sexual harassment claim under the New Mexico Human Rights Act should be dismissed.

The Defendants argue that the Human Rights Act claim should be dismissed for two reasons. First, the Defendants contend that the Plaintiff has not exhausted her state administrative remedies under the Human Rights Act. Second, the Defendants assert that the Plaintiff untimely appealed the Human Rights Act claim to this Court. Regarding the exhaustion issue, the New

1

Mexico courts have held that a defendant cannot be sued under the Human Rights Act unless the complainant has exhausted her administrative remedies pursuant to the grievance procedure set forth in the Human Rights Act.  **See Luboyeski v. Hill**, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994).  In this case, the Plaintiff admits in her Response to Motion on the Pleadings at 2 that the New Mexico Human Rights Commission "has not yet rendered a decision regarding Plaintiff's claims."  I, therefore, find that the Plaintiff has failed to exhaust her remedies with regard to her Human Rights Act sexual harassment claim.  Consequently, that claim is subject to dismissal.

The Defendants' untimely appeal argument is based upon 1978 N.M.S.A. §28-1-13(A) of the New Mexico Human Rights Act.  That provision states that "[a]ny person aggrieved by an order of the commission may obtain a trial de novo ... by filing a notice of appeal within thirty days from the date of service of the commission's order."  The Defendants argue that assuming that the filing of an EEOC charge complies with the Human Rights Acts's grievance procedure and the receipt of the right to sue letter triggers the running of the thirty day period under §28-1-13(A), the Plaintiff untimely filed this suit as to the Human Rights Act claim.  I find that the Defendants fail to support the aforesaid assumptions with any authority.  Furthermore, I find a plain reading of §28-1-13(A) indicates that it applies to an appeal from the Human Rights Commission, not the EEOC.  The Defendants' untimely appeal argument is, therefore, without merit.

WHEREFORE,

IT IS ORDERED that the Human Rights Act sexual harassment claim is dismissed without prejudice.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE